# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BSH HOME APPLIANCES CORPORATION, a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE JULIA CHILD FOUNDATION FOR GASTRONOMY AND THE CULINARY ARTS, a Massachusetts charitable trust, and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff BSH Home Appliances Corporation ("Plaintiff" or "BSH") brings this action against The Julia Child Foundation for Gastronomy and the Culinary Arts ("Defendant" or "the Foundation"), and hereby alleges as follows:

## INTRODUCTION

1.　Plaintiff BSH Home Appliances Corporation is a leading manufacturer of high-end home appliances in the United States.

2.　Plaintiff brings this action for a judgment declaring that its use of or reference to Julia Child's name, image, likeness, celebrity identity and trademarks related to the late Julia Child in connection with presentations of Plaintiff's heritage and history in various media does not infringe any trademark rights, copyrights, and/or rights of publicity claimed by Defendant. This action arises out of allegations by Defendant that Plaintiff has infringed one or more of Defendant's trademarks and copyrights, and Defendant's ownership of publicity rights related to the late Julia Child.

11849195-v1

## THE PARTIES

3. Plaintiff BSH Home Appliances Corporation is a corporation existing under the law of the State of Delaware, with its principal place of business located in the State of California.

4. Plaintiff is informed and believes and based thereon alleges that Defendant is, and at all times relevant hereto was, a charitable trust existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located in the Commonwealth of Massachusetts.

5. Plaintiff is informed and believe and based thereon alleges that the fictitiously-named Defendants sued herein as Does 1 through 10, and each of them, are in some manner responsible or legally liable for the actions, events, transactions and circumstances alleged herein. The true names and capacities of such fictitiously-named Defendants, whether individual, corporate, or otherwise, are presently unknown to Plaintiff. Plaintiff will seek leave of Court to amend this Complaint to assert the true names and capacities of such fictitiously-named Defendants when the same have been ascertained. For convenience, each reference to a named Defendant herein shall also refer to Does 1 through 10. All Defendants, including both those named and those referred to herein as Does 1 through 10, are sometimes collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

6. This is an action for, *inter alia*, declaratory relief under the Lanham Act, 15 U.S.C. § 1051 *et seq.,* the Copyright Act, 17 U.S.C. § 501, *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* This Court has subject matter jurisdiction over Plaintiffs' declaratory judgment claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202, and pursuant to 15 U.S.C. § 1121.

7. This Court has supplemental jurisdiction over Plaintiff's claim for non-infringement of right of publicity pursuant to 28 U.S.C. § 1367(a) because this claim is so related to the federal claims brought herein as to form part of the same case or controversy, and the claims derive from a common nucleus of operative fact.

8. This Court has personal jurisdiction over Defendant because it is organized under the laws of the Commonwealth of Massachusetts. Moreover, Defendant solicits, transacts and is

doing business in the Commonwealth of Massachusetts. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant. Plaintiff is also informed and believes and based thereon alleges that at least one of the four trustees of the Foundation is a resident of Massachusetts.

9. Venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b) because the events giving rise to the claims set forth in this Complaint occurred in this judicial district, and Defendant is organized under the laws of the Commonwealth of Massachusetts. Venue is also proper pursuant to 28 U.S.C. § 1391 (b)-(c) because Defendant is subject to the Court's personal jurisdiction with respect to this civil action and thus is deemed to reside in this District.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10. Plaintiff BSH Home Appliances Corporation is a leading manufacturer of high-end home appliances. Based in Orange County, California, BSH markets its products under the brand names Bosch, Thermador and Gaggenau. Thermador is an iconic name in American culinary history, as it has been a leading brand of quality home appliances for over 100 years.

11. Julia Child is also an iconic figure in American culture and culinary history. Between the 1960s and her passing in 2004, she was widely recognized as a chef, author, and television personality.

12. Plaintiff is informed and believes and based thereon alleges that Ms. Child moved to Massachusetts in the 1950s, prior to her rise to national prominence, and lived in Massachusetts until shortly before her passing. Plaintiff is further informed and believes and thereon alleges that Ms. Child wrote most of her books and produced her television programs while residing in Massachusetts. As a result of her long-standing relationship with the state, Ms. Child is closely associated with Massachusetts in the public's mind.

13. Ms. Child's preference for and use of Thermador products, both on the set of her popular television show *The French Chef* and in her personal kitchen, is well-known and widely documented. Plaintiff is informed and believes and thereon alleges that Ms. Child's personal kitchen was donated to the Smithsonian Institution in Washington, D.C., upon her passing, and

remains on display to this day much as it appeared in her Massachusetts home, including her Thermador oven.

14. Plaintiff has used images of Ms. Child and references to the well-known historical fact of her use of Thermador products in various media, including on its website and on its social media web pages. These uses do not state or imply any endorsement by Ms. Child of Thermador products. Rather, Plaintiff's use of these photos and references to Julia Child's name and use of Thermador products reflect on the long history, significance and influence of Thermador products on American society and culture, and Ms. Child's documented and well-known use of those products.

15. Plaintiff's uses of the image and name of Julia Child are not directly connected to the sale of any merchandise, but rather are factual references to Julia Child's well-known use of Thermador products, placed in proper context, including on a timeline chronicling the company's history and in the historical "Our Heritage" section of the Thermador website.

16. The timeline on Thermador's website chronicles important events in the company's history, dating back to its founding in 1916. The reference to Ms. Child appears around the 1970 mark of the timeline, and states that "Julia Child uses Thermador in her critically acclaimed PBS TV Series." It is accompanied by an image of Ms. Child on the set of her PBS television show.

17. Another reference on the timeline states: "2001 – Julia Child donates her kitchen to the Smithsonian, further cementing the brand's place in popular American culture."

18. Thermador's social media pages include other factual references to Ms. Child. For example, Thermador's Pinterest.com page states "Julia Child had Thermador appliances in her beloved kitchen." Similarly, Thermador's facebook.com page includes a timeline, which includes an entry stating that "1970 - Julia Child uses Thermador in her critically acclaimed PBS TV Series."

19. In July 2012, Defendant contacted Plaintiff via letter regarding its claimed exclusive ownership and control of the name, image, likeness and celebrity identity of the late Julia Child (the "Child Publicity Rights"), as well as various trademarks and copyrights related to Ms. Child (the "Child IP Rights"). Defendant asserted that Plaintiff's use of the Child Publicity Rights and

4

Child IP Rights constitutes copyright infringement, trademark infringement, and a post-mortem violation of Julia Child's right of publicity. Defendant demanded, among other things, that Plaintiff cease and desist from all uses of the name, image, identity, trademarks, trade name, trade dress, and slogan of Julia Child, and all other indicia of Julia Child's personality.

20. Defendant has repeated the substance of its initial correspondence in subsequent communications with Plaintiff.

21. Defendant's repeated assertion of its alleged rights against Plaintiff, and its repeated assertions that Plaintiff's factual and historical uses of the name and images of the late Julia Child exposes Plaintiff to liability for trademark infringement, copyright infringement, and violation of Julia Child's right of publicity, have created an actual, substantial and justiciable controversy between Plaintiff and Defendant within the meaning of 28 U.S.C. §§ 1331, 1338, 2201, and 2202, concerning Defendant's purported rights in the Child IP Rights and the Child Publicity Rights.

22. This Court's determination of the issues presented by the actual controversy between Plaintiff and Defendant will afford relief from the uncertainty, insecurity and controversy with respect to the rights, status and legal relations between the parties. A declaration of the parties' respective rights will settle the parties' conflicting and disputed claims and will afford them the security of knowing precisely the respective rights that each possesses. Declaratory relief is equitable, necessary and proper under the circumstances.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement – 15 U.S.C. § 1125(a))**

23. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

24. Defendant has claimed that it possesses protectable trademark rights related to the late Julia Child (the "Child Trademarks"), and that Plaintiff's use of those trademark rights in connection with historical references on Plaintiff's various web-based platforms implies an endorsement or affiliation with Julia Child or Defendant.

25. Plaintiff asserts that its use of Julia Child's name, image, likeness, celebrity identity and any trademark affiliated with Julia Child is a lawful use that does not infringe upon

Defendant's claimed rights, is not an infringing use of Defendant's purported right in any trademark, and is squarely protected under the First Amendment to the United States Constitution.

26. Defendant is attempting to assert against Plaintiff rights which it does not possess, and rights that are beyond the bounds of its rights in the Child Trademarks, in a manner that violates the basic rights of Plaintiff to tell the story of its brand through the historical timeline on its website, and in other similar factual accounts of the company's history.

27. Plaintiff has made no representation to the public as to any endorsement, affiliation, connection, association, participation, sponsorship or approval by the late Julia Child or by Defendant of Plaintiff's products.

28. No sufficient and adequate alternative means exist to the use of the Child Trademarks in Plaintiff's historical timeline and in Plaintiff's other factual presentations of its company's past.

29. By reason of the existence of an actual and justiciable controversy, Plaintiff is entitled to a declaratory judgment that its use of the Child Trademarks does not infringe Defendant's claimed federal trademarks and does not violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## SECOND CLAIM FOR RELIEF

### (Declaration of Non-Infringement of Copyright)

30. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

31. Defendant has claimed that it possesses protectable copyrights in photographs of the late Julia Child (the "Child Photographs"), and that Plaintiff's use of those copyrighted works in connection with historical references on Plaintiff's various web-based platforms is without Defendant's permission and therefore violates its rights in the Child Photographs.

32. Plaintiff is informed and believes and thereon alleges that the photographs that Defendant contends were used by Plaintiff on its website and in other media are not owned by or otherwise the property of Defendant.

33. Plaintiff further asserts that its use of the Child Photographs is a lawful use that does not infringe upon Defendant's claimed rights in any way, is not an infringing use of Defendant's purported right in any copyright, and is squarely protected under the First Amendment to the United States Constitution.

34. Defendant is attempting to assert against Plaintiff rights which it does not possess, and rights that are beyond the bounds of its rights in the Child Photographs, if it has any, in a manner that violates the basic rights of Plaintiff to tell the story of its brand through the historical timeline on its website, and in other similar factual accounts of the company's history.

35. No sufficient and adequate alternative means exist to the use of the Child Photographs in Plaintiff's historical timeline and in Plaintiff's other factual presentations of its company's past.

36. By reason of the existence of an actual and justiciable controversy, Plaintiff is entitled to a declaratory judgment that its use of the Child Photographs does not infringe Defendant's claimed copyrights and does not violate the Copyright Act, 17 U.S.C. § 501, *et seq*.

## THIRD CLAIM FOR RELIEF

**(Declaration of Non-Infringement of Defendant's Right of Publicity)**

37. Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in the paragraphs above as though fully set forth herein.

38. Defendant has claimed that Plaintiff's alleged use of the late Julia Child's name, identity and persona constitutes a willful and intentional infringement of the Child Publicity Rights.

39. Plaintiff has not made any representation to the public as to Julia Child's endorsement, affiliation, connection, association, participation, sponsorship or approval of Plaintiff.  Instead, any reference to Julia Child by Plaintiff has been purely factual and historical in connection with a timeline and other chronicles of the history of the Thermador brand.  No sufficient and adequate alternative means to reference Julia Child exists.

40. Plaintiff assets that it makes no use of Julia Child's name, image, persona, likeness, and/or celebrity identity that infringes any of Defendant's claimed rights in any way, including

Defendant's statutory right of publicity under section 3A of Massachusetts General Laws chapter 214, California Civil Code § 3344.1, or any other law of a state in the United States.

41.     Any reference Plaintiff has made to Julia Child is squarely protected under the First Amendment to the United States Constitution.

42.     Plaintiff is informed and believes and thereon alleges that the late Julia Child was a domiciliary of Massachusetts at her death and that Massachusetts law should apply to any claim that Plaintiff violated her right of publicity.

43.     By reason of the existence of an actual and justiciable controversy, Plaintiff is entitled to a declaratory judgment that its use of or reference to Julia Child's name, image, likeness, and/or celebrity identity in connection with its website and other media does not violate Defendant's statutory right of publicity provided by section 3A of Massachusetts General Laws chapter 214, California Civil Code § 3344.1, or any other law of a state in the United States.

44.     Furthermore, Plaintiff is entitled to a declaratory judgment that the late Julia Child was a domiciliary of Massachusetts at her death and that Massachusetts law should apply to any claim that Plaintiff violated her right of publicity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1.     Declaring that Plaintiff's use of or reference to Julia Child's name, image, likeness, celebrity identity and trademarks related to the late Julia Child, including the name and trademark "Julia Child," in connection with its website and other media does not:

    a. Infringe upon Defendant's registered or unregistered trademarks.

    b. Violate any provision in Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

    c. Violate any provision of Chapter 5 of the Copyright Act, 17 U.S.C. § 501.

    d. Violate any provision of section 3A of Massachusetts General Laws chapter 214.

    e. Violate any provision of California Civil Code § 3344.1.

    f. Violate any other federal or state law.

2. Declaring that the late Julia Child was a domiciliary of Massachusetts at her death and that Massachusetts law should apply to any claim that Plaintiff violated Julia Child's right of publicity.

3. Declaring that Plaintiff has the right to proceed with the use of or reference to the late Julia Child's name, image, likeness, celebrity identity, and trademarks related to the late Julia Child in connection with Plaintiff's historical presentations, including but not limited to the timeline on its website and in other media.

4. Awarding costs of suit herein and reasonable attorneys' fees; and

5. Awarding Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED:  August 24, 2012                    Respectfully submitted,

                                           BSH HOME APPLIANCES CORPORATION,

                                           By its counsel


                                           /s/   Katherine S. Kayatta
                                           John R. Bauer (BBO# 630742)
                                           Katherine S. Kayatta (BBO# 675487)
                                           ROBINSON & COLE LLP
                                           One Boston Place, Suite 2500
                                           Boston, MA 02108
                                           Phone:  (617) 557-5900
                                           Fax:     (617) 557-5999
                                           Email: jbauer@rc.com
                                           Email: kkayatta@rc.com


                                           A. Sasha Frid (CA State Bar No. 216800)
                                           sfrid@millerbarondess.com
                                           Adam B. Hagen (CA State Bar No. 218021)
                                           ahagen@millerbarondess.com
                                           Benjamin Taylor (CA State Bar No. 240636)
                                           btaylor@millerbarondess.com
                                           MILLER BARONDESS, LLP
                                           1999 Avenue of the Stars, Suite 1000
                                           Los Angeles, California 90067
                                           Telephone:     (310) 552-4400
                                           Facsimile:     (310) 552-8400