UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BSH HOME APPLIANCES CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE JULIA CHILD FOUNDATION FOR GASTRONOMY AND THE CULINARY ARTS,<br><br>    Defendant. | Civil Action No. 1:12-cv-11590-MBB |

**DECLARATION OF CHARLES J. HARDER
IN SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO
THE CENTRAL DISTRICT OF CALIFORNIA**

I, Charles J. Harder, declare the following is true and correct, under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly licensed to practice before all court of the State of California, and also before the U.S. District Court for the Central District of California, among other federal courts. I am a partner with the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, 11400 West Olympic Boulevard, Ninth Floor, Los Angeles, California 90064-1582, counsel of record *pro hac vice* for defendant The Julia Child Foundation for Gastronomy and the Culinary Arts (the "Foundation"). The facts stated herein are of my own personal knowledge and, if called and sworn as a witness, could and would testify consistently hereto.

2. Attached hereto as **Exhibit A** is a true copy of Thermador advertisements and marketing materials that my staff, acting at my direction and under my supervision, collected and preserved in mid-2012, prior to the filing of the instant action.

3.      Attached hereto as **Exhibit B** is a true copy of an email received by the Foundation on July 9, 2012 from Thermador's advertising agency, DGWB, Inc., requesting permission to use Julia Child's name and image within Thermador's advertisements.

4.      Attached hereto as **Exhibit C** is a true copy of a letter that I sent on July 16, 2012, to BSH Home Appliances Corporation d/b/a "Thermador" (herein, "Thermador") and DGBW, on behalf of the Foundation, instructing them to immediately and permanently cease and desist from all use of Ms. Child's name, image and other rights, and to discuss with me an appropriate payment to the Foundation to compensate for the commercial infringement of those rights. My July 16, 2012 letter enclosed the draft Complaint that appears within Exhibit C hereto. My letter also enclosed a copy of the advertisements that appear within Exhibit A hereto.

5.      On or about July 25, 2012, I received a telephone call from Sasha Frid, Esq., a Los Angeles attorney representing Thermador, who asked me if the Foundation would agree to license Julia's Child's name, image and other rights to Thermador for its ongoing advertisements and marketing. I told Mr. Frid that a license would not be possible because Julia Child did not permit her name to be used to endorse or associate with any products or companies during her lifetime (other than her books and television shows) and that the Foundation was continuing that policy and would not consider any licensing arrangement with Thermador. I further stated to Mr. Frid that Thermador needed to immediately discontinue all use of Ms. Child's name and image within its advertisements and marketing (which were continuing at that time) or the Foundation would have no alternative but to file the draft Complaint that was enclosed with my July 16, 2012 letter. Mr. Frid stated that he would confer with his client and get back to me.

6.      On or about July 30, 2012 (more than two weeks after Thermador had received my July 16, 2012 letter), Thermador finally began the process of removing Julia Child's name

and image from its advertising and marketing materials. I had several communications with Mr. Frid regarding the issue.

7. Mr. Frid and I had initial discussions regarding the resolution of the dispute in late July 2012, which continued into the first half of August 2012. The Foundation was involved in celebrations regarding the 100th birthday of Julia Child in and around August 15, 2012, the day that would have been her 100th birthday. I informed Mr. Frid in late July that the Foundation would be involved in such celebrations, and that the Foundation was interested in resolving the matter prior to August 15, 2012.

8. Mr. Frid and I had additional communications shortly after August 15, 2012, however, the Foundation was not in a position to focus its attention on those matters immediately after the August 15, 2012 celebrations, due to other business matters.

9. On August 24, 2012, Thermador filed the instant action in the District of Massachusetts, without any warning whatsoever to the Foundation or its counsel.

10. Two business days later, the Foundation filed two USDC actions in the Central District of California against Thermador and DGWB, respectively. A true copy of those actions is attached hereto as **Exhibits D** and **E** hereto. The Foundation also filed a Complaint against Thermador in the Superior Court of California, County of Santa Barbara, as to the Foundation's state law claims for violation of Civil Code section 3344.1. A true copy of that Complaint is attached hereto as **Exhibit F**.

11. All of the summonses and complaints, in each of the four pending actions involving Thermador, DGBW and the Foundation, were served on all of the respective defendants, on the same day, namely, Wednesday, August 29, 2012 (the day after the Foundation filed its three actions in Southern California).

12. The U.S. District Court for the Central District of California covers several counties within Southern California including the counties of Orange, Santa Barbara, and Los Angeles, among many others. Attached hereto as **Exhibit G** is a true copy of a printout from the website for the U.S. District Court for the Central District of California, showing the District's geographic territory. As discussed below, Thermador and DGWB are both located in Orange County. As discussed in the accompanying declaration of Eric W. Spivey, the Foundation is located in Santa Barbara, California. Thus, all three such parties are located within the territory of the USDC Central District of California.

13. According to its website, Thermador is headquartered at 1901 Main Street, Irvine, California. Attached hereto as **Exhibit H** is a true copy of a printout from Thermador's website, showing this address for its headquarters, and stating: "The Irvine headquarters includes: Executive Offices, Sales, Marketing, Finance, Logistics, IT and Customer Support."

14. According to its website, DGWB is headquartered at 217 N. Main Street, Santa Ana, California. Attached hereto as **Exhibit I** is a true copy of a printout from DGWB's website, showing this address for its offices.

15. Attached hereto as **Exhibit J** is a true copy of a printout from Google Maps, showing that the distance between Thermador's offices on Main Street, and DGWB's offices on N. Main Street, is only **4.8 miles**.

16. Attached hereto as **Exhibit K** is a true copy of a printout from Google Maps, showing that Thermador's headquarters is only **38.5 miles** (a 46 minute drive) to the U.S. District Court in downtown Los Angeles. The same printout shows that downtown Santa Barbara, California is **95.3 miles** to the U.S. District Court in downtown Los Angeles.

17. Attached hereto as **Exhibit L** is a true copy of a printout from www.distance-cities.com which indicates that Boston, Massachusetts is **2,593.75** miles from Los Angeles, California.

18. On Friday, September 7, 2012, I spoke by telephone to attorney Adam Hagan of Miller Barondess, LLP, counsel of record for BSH, wherein we met and conferred in depth regarding the issues discussed in the instant Motion. After I cited the reasons for the venue transfer, including the fact that the parties, third party DGWB, relevant witnesses, relevant documents, and related pending actions are all located in CDCA, rather than Massachusetts, and because Julia Child was a California domiciliary when she died, contrary to the allegations in BSH's complaint, and thus California law applies, I asked BSH to stipulate to a venue transfer, to save the parties the time and expense of motion practice. Mr. Hagan told me that BSH would not stipulate to a venue transfer.

                                                               /s/ Charles J. Harder

Dated: September 11, 2012                              Charles J. Harder

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 11, 2012.

                                        /s/     David A. Kluft
                                                David A. Kluft