Exhibit "C"



LAW OFFICES

## WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Charles J. Harder
CHarder@wrslawyers.com

File No.
18821-002

July 16, 2012

*CONFIDENTIAL AND PRIVILEGED COMMUNICATION*

**VIA HAND DELIVERY**
**FACSIMILE** – (949) 437-7000
**AND EMAIL** – tim.harvey@bshg.com
Timothy Harvey, Esq., General Counsel
BSH Home Appliances Corporation d/b/a "Thermador"
1901 Main Street, Suite 600
Irvine, California  92614

**VIA HAND DELIVERY**
**FACSIMILE** - (714) 881-2442
**AND EMAIL** – mweisman@dgwb.com, schoi@dgwb.com
Mr. Mike Weisman, President
Mr. Sung Choi, PR Director
DGWB, Inc. d/b/a DGWB Advertising & Communications
217 N. Main Street
Santa Ana, California  92701

  Re: **Julia Child Foundation - BSH Home Appliances Corporation**
    **and DGWB Advertising & Communications**

Dear Mr. Harvey, Mr. Weisman and Mr. Choi:

  This law firm is litigation counsel for The Julia Child Foundation for Gastronomy and the Culinary Arts (the "Foundation"), the owner of all intellectual property rights of the late Julia Child, in connection with its substantial claims against BSH Home Appliances Corporation d/b/a Thermador ("Thermador"), DGWB, Inc. d/b/a DGWB Advertising & Communications ("DGWB"), and all those acting in concert with Thermador and DGWB (collectively, "you" or "your") for your unauthorized commercial use of the name and image of Julia Child, all trademark rights associated with her, and copyrighted photographs of Ms. Child owned by the Foundation (collectively, the "IP Rights"). The IP Rights are being used within substantial commercial advertising and

1040649.1

11400 West Olympic Boulevard, 9th Floor, Los Angeles, California 90064-1582
Tel 310.478.4100 Fax 310.479.1422
www.wrslawyers.com

Los Angeles · Las Vegas · Reno · Birmingham

CONFIDENTIAL AND PRIVILEGED COMMUNICATION

Messrs. Harvey, Weisman and Choi
July 16, 2012
Page 2

marketing for Thermador, including without limitation, a large photo of Ms. Child, and her name in large print, at the **homepage** of the commercial website at www.Thermador.com; at many other places throughout that website; within Thermador's magazine print advertisements; within Thermador's marketing brochures; within Thermador's marketing newsletters; within Thermador's blogs; and at Thermador's social network accounts including Facebook, Twitter, Tumblr and Pinterest among other advertising, marketing and promotion (collectively, the "Advertisements"). It is our understanding that DGWB was involved in the placement and usage of Ms. Child's IP Rights throughout the Advertisements. The obvious purpose of the Advertisements is to advertise, market, promote and sell Thermador brand ranges, ovens and related products. Enclosed are copies of certain of the Advertisements for your ease of reference.

As Thermador and DGWB are well aware, the Foundation has never given either of you permission to use the IP Rights in connection with Thermador or its products, or for any other purpose. Your actions therefore violate the Foundation's copyrights, trademarks, and publicity rights, giving rise to numerous causes of action under federal and state law.

## Violation of Rights of Publicity

California Code of Civil Procedure section 3344.1 prohibits the use of a deceased person's name, photograph, image or other publicity rights for commercial purposes without the advance consent of the owner/successor-in-interest of those rights. Here, the Foundation owns all of the publicity rights of Julia Child and has registered those rights with the California Secretary of State.

The Advertisements constitute a clear violation of the publicity rights of Ms. Child, owned by the Foundation. The rights (Ms. Child's name and image) were used for a commercial purpose, namely, in the Advertisements to market and sell Thermador ranges, ovens and related products. Moreover, you did not request, nor receive, permission from the Foundation to use Ms. Child's name and image in the Advertisements.

The value of the injury is substantial. In *Bette Midler v. Ford Motor Co.*, 849 F.2d 460, 463 (9th Cir. 1988), the Ninth Circuit U.S. Court of Appeals held: "What [defendants] sought was an attribute of Midler's identity [when defendants used her publicity rights in an advertisement for a Ford automobile]. **Its value is what the market would have paid for Midler to have sung the commercial in person**.") (Emphasis added.)

1040649.1

CONFIDENTIAL AND PRIVILEGED COMMUNICATION

Messrs. Harvey, Weisman and Choi
July 16, 2012
Page 3

The Foundation has a clear and well-established policy of not agreeing to associate Ms. Child, an icon in the world of food preparation and the culinary arts, with companies or commercial products. This was Ms. Child's policy as well, during her lifetime. As such, the market value of using the name and image Ms. Child in advertisements for cooking ranges, ovens and related products of a leading brand manufacturer is in the *millions of dollars*. Thus, the Foundation's damages for your violation of Ms. Child's publicity rights are in that same range.

Separate from the substantial market value of Ms. Child's name and image in an advertising campaign for cooking ranges by a leading manufacturer, the Foundation also is entitled to seek disgorgement of your profits in connection with the Advertisements that use of Ms. Child's name and image. *See* Section 3344.1(a). If the Foundation is able to determine that a substantial portion of Thermador's sales from inception of the Advertisements through present are associated with the Advertisements that use Ms. Child's name and image, then the Foundation can seek disgorgement of all profits associated with those sales.

The Foundation also is entitled to seek punitive damages for your intentional use of Ms. Child's name and image in your Advertisements, knowing that you did not have her, or the Foundation's, approval for such use. Punitive damages can be substantial. In the case of *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1103 (9th Cir. 1992), the Ninth Circuit upheld a $2 million punitive damages award, in addition to a separate compensatory damages award, against both Frito-Lay, Inc. *and its advertising agency* when they used Tom Waits' publicity rights to advertise Doritos chips.

The Foundation also is entitled to reimbursement of its attorneys' fees and costs pursuant to California Civil Code section 3344.1(a). If the matter proceeds to litigation, such fees and costs would be substantial.

## Violation of the Lanham Act

Your actions further constitute an infringement of the Foundation's trademark, trade name, trade dress and slogan in violation of the Federal Lanham Act, 15 U.S.C. section 1125(a) and (c), by falsely implying that Ms. Child and/or the Foundation voluntarily acquiesced to the use of her name, image, trademark, trade name, trade dress and slogan to promote Thermador and its products. Such violations entitle the Foundation to recover disgorgement of Thermador's profits, as well as *treble damages* (three times compensatory damages) in the case of a willful violation such as this,

CONFIDENTIAL AND PRIVILEGED COMMUNICATION

Messrs. Harvey, Weisman and Choi
July 16, 2012
Page 4


pursuant to 15 U.S.C. section 1117(b).  The Foundation also is entitled to seek statutory damages of up to $2 million dollars, pursuant to 15 U.S.C. section 1117(c)(2).  The Foundation also is entitled to seek reimbursement of its attorneys' fees and costs pursuant to 15 U.S.C. section 1117(a)(3).

## Copyright Infringement

The Foundation also owns certain copyrights to the photographs of Ms. Child used in the Advertisements.  You did not request or receive permission for the use of those copyrighted photographs.  Therefore, you are liable for copyright infringement and the Foundation may seek actual damages and profits in connection with the use of such photograph pursuant to 17 U.S.C. section 504(b).  The Foundation also is entitled to seek statutory damages of up to $150,000 *per violation*, pursuant to 17 U.S.C. section 504(c)(2).  The Foundation also is entitled to reimbursement of its attorneys' fees and costs pursuant to 17 U.S.C. section 505.

In light of the foregoing, demand is hereby made that Thermador and DGWB:

1.      Immediately and permanently remove and discontinue the use of Julia Child's name, image, identity, trademarks, trade name, trade dress, slogan, and all other indicia of her personality, and all copyrighted photographs of her, from all marketing, advertising and promotion for your companies, their affiliated companies, and each of their respective products and services.

2.      **Contact the undersigned to discuss an appropriate payment to the Foundation to compensate it for your unauthorized commercial use of Ms. Child's name, image, trademarks, trade name, trade dress, slogan, and the Foundation's copyrighted photograph(s).**

3.      Promptly provide my office with color copies of all materials and information relating to the use of Ms. Child's name, photograph, likeness, identity, persona, trademark, trade name, trade dress and slogan in connection with your company, its affiliated companies, and each of their respective products and services, including color copies of all marketing, advertising and promotional materials using or including Julia Child, including print advertisements, brochures, webpages, blog postings, newsletters, email blasts, social network accounts like Facebook, Twitter, Tumblr, Pinterest, and the like.


1040649.1

**CONFIDENTIAL AND PRIVILEGED COMMUNICATION**

Messrs. Harvey, Weisman and Choi
July 16, 2012
Page 5

    4.      Promptly provide my office with a report detailing the extent to which the Advertisements have been used, including without limitation a report identifying the specific publications and issues in which the Advertisements have appeared, as well as the dates and usage information regarding when the Advertisements first appeared on your Website, including web traffic reports for the relevant time period in which the Advertisements have been used.

    5.      Promptly provide my office with a report detailing all sales of Thermador products, from the date of Thermador's first use of Ms. Child's name or image, through to the present.

    Please confirm in writing within **forty-eight (48)** hours of your receipt of this letter that the foregoing demands will be and are being complied with.

    This is a very serious matter to the Foundation's Trustees, who are prepared to bring legal action against Thermador if the matter cannot be resolved to their satisfaction in the near future. Because the 100th anniversary of Ms. Child's birth is fast approaching on August 15th, the Trustees have made clear that this matter must be immediately resolved (*i.e.*, within the next 14 days or so) as a matter of principle and an exercise of their fiduciary duty to protect the name, reputation, goodwill and IP Rights of Julia Child. Enclosed please find a draft Complaint setting forth the Foundation's claims. We encourage you to discuss this matter with your intellectual property counsel, and also tender the Foundation's claims to your respective insurance carriers for coverage under your applicable insurance policies, and contact the undersigned to discuss terms for an amicable resolution of this matter.

    In light of this notice of pending dispute, demand is further made that you immediately preserve all physical and electronic documents, materials and data (collectively, "documents") in your possession, custody or control that are or might be relevant or related to the foregoing matters. This demand includes preservation of all documents that use or in any way reference or pertain to the use of the name or image of Julia Child to promote, market or advertise your products or your company. This demand further includes, without limitation, the preservation of all sales and financial information relating to the products in which the name or image of Julia Child was used, and all communications pertinent to these matters including electronic mail (email), letters, facsimile transmissions, memoranda, instant messages (IMs), reports, handwritten notes, typewritten notes, charts and spreadsheets, among other types of documents and communications. We further demand that you immediately take action to discontinue any company destruction practices, including the destruction of physical files, email servers,

1040649.1

**CONFIDENTIAL AND PRIVILEGED COMMUNICATION**

Messrs. Harvey, Weisman and Choi
July 16, 2012
Page 6

web servers, office servers, hard drives, system backup tapes, and other electronic storage devices and media including disks, tapes, drives, DVDs, CDs, CD-ROMS, etc. See *In re Napster, Inc. Copyright Litigation*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (holding that "[a]s soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action"); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 193 (C.D. Cal. 2006) (same); *William T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443 (C.D. Cal. 1984) (same).

Please note that severe sanctions can be imposed for failure to preserve evidence after being notified of a dispute. See e.g. *Cedars-Sinai Medical Ctr. v. Superior Court*, 18 Cal. 4th 1, 12 (1998) (adverse inferences are available for failure to produce documents); *R.S. Creative, Inc. v. Creative Cotton, Ltd.*, 75 Cal. App. 4th 486 (1999) (punitive sanctions imposed for spoliation of evidence); *Trigon Ins. Co. v. United States*, 204 F.R.D. 277 (E.D. Va 2001) (monetary sanctions, witness preclusion and adverse inferences imposed against party engaged in spoliation of evidence); *Beers v. General Motors*, 1999 WL 32538 (N.D.N.Y) (dismissal of case for spoliation when party's expert lost critical evidence); see also *Cabinetware, Inc. v. Sullivan*, 1991 WL 327959 (E.D. Cal. 1991); *William T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443 (C.D. Cal. 1984).

This letter is not intended as a full statement of all facts relating to this matter, nor should anything herein be construed as a waiver, release or relinquishment of any rights, remedies, claims or causes of action available to my client, all of which are reserved. This letter is confidential and constitutes an offer to compromise pursuant to California Evidence Code § 1152, *et seq.*, Federal Rules of Evidence, Rule 408, *et seq.*, and any related legal authorities. As such, this letter may not be disseminated to anyone outside of your companies or their legal representatives, and may not be used in any legal proceeding for any purpose.

We look forward to your prompt response to this letter.

Very truly yours,

WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

CHARLES J. HARDER

CH:rr
Enclosures

1040649.1

**CONFIDENTIAL AND PRIVILEGED COMMUNICATION**

Messrs. Harvey, Weisman and Choi
July 16, 2012
Page 7


cc:    Jeffrey I. Abrams, Esq.

        <u>Trustees</u>
        Dr. Philadelphia Cousins (via email; with enclosures)
        Mr. Alex Prud'homme (via email; with enclosures)
        Mr. Eric W. Spivey (via email; with enclosures)
        Mr. William A. Truslow (via email; with enclosures)

1 │ WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP
CHARLES J. HARDER (State Bar No. 198593)
2 │   charder@wrslawyers.com
JEFFREY I. ABRAMS (State Bar No. 162735)
3 │   jabrams@wrslawyers.com
11400 West Olympic Boulevard, 9th Floor
4 │ Los Angeles, California 90064-1582
Telephone:  (310) 478-4100
5 │ Facsimile:  (310) 479-1422

6 │ Attorneys for Plaintiff
THE JULIA CHILD FOUNDATION FOR
7 │ GASTRONOMY AND THE CULINARY ARTS

8 │

9 │              UNITED STATES DISTRICT COURT

10 │              CENTRAL DISTRICT OF CALIFORNIA

11 │

12 │ THE JULIA CHILD FOUNDATION          Case No.
FOR GASTRONOMY AND THE
13 │ CULINARY ARTS, a Massachusetts      **COMPLAINT FOR DAMAGES AND
charitable trust,                   INJUNCTIVE RELIEF FOR:**

14 │         Plaintiff,                  **1.  MISAPPROPRIATION OF
RIGHT OF PUBLICITY
15 │     v.                                  (CALIFORNIA CIVIL CODE
§ 3344.1)**
16 │ BSH HOME APPLIANCES
CORPORATION, doing business as      **2.  INFRINGEMENT OF
17 │ "Thermador", a Delaware corporation;    TRADEMARK, TRADE NAME,
DGWB, Inc. doing business as            TRADE DRESS, AND SLOGAN
18 │ "DGWB Advertising and                   (15 U.S.C. §1125(a))**
Communications", a California
19 │ corporation, and DOES 1-10, inclusive,  **3.  COPYRIGHT INFRINGEMENT
(17 U.S.C. § 501, *et seq.*)**
20 │         Defendants.
***DEMAND FOR JURY TRIAL***
21 │

22 │         Plaintiff The Julia Child Foundation for Gastronomy and The Culinary Arts

23 │ (herein, "The Julia Child Foundation" or "Plaintiff") hereby alleges as follows:

24 │              **SUMMARY OF THE ACTION**

25 │         1.     The Julia Child Foundation owns certain of the intellectual property

26 │ rights, including copyrights, trademarks, and publicity rights, of and associated with

27 │ legendary American cooking teacher, author and television personality, Julia Child.

28 │

2.     Julia Child's name, photograph, likeness, and identity have tremendous commercial value, particularly in the industry associated with food, cooking and the culinary arts.

3.     Defendant BSH Home Appliances Corporation, doing business as "Thermador" ("Thermador"), and defendant DGWB, Inc. doing business as "DGWB Advertising and Communications" ("DGWB") ("collectively, "Defendants") have used, and are continuing to use, Julia Child's name, image, and other publicity rights; trademarks, trade dress and slogans associated with Julia Child; and certain copyrighted photographs of Julia Child, owned by The Julia Child Foundation, within magazine print advertisements, website advertisements and marketing, newsletters, and other commercial marketing materials, for the purpose advertising, marketing, promoting and selling Thermador-brand ranges, ovens and related products.

4.     Defendants did not obtain the permission of The Julia Child Foundation (nor did it obtain the permission of Ms. Child, prior to her death in 2004) to use the name, image, trademarks, copyrighted photographs, and other intellectual property rights of Julia Child.  Nor did Defendants ask The Julia Child Foundation, or any of its representatives, for such permission prior to using such rights.  Nor have any of the Defendants paid The Julia Child Foundation, or Ms. Child, for the commercial use of such rights, let alone compensation commensurate with the substantial commercial value of such rights.

5.     Based on the foregoing, The Julia Child Foundation seeks monetary damages, statutory damages, punitive damages, treble damages, attorneys' fees, and a preliminary and permanent injunction to stop all further and future uses of the Julia Child publicity rights, trademark rights, copyrights, and other related rights.

**THE PARTIES**

6.     Plaintiff The Julia Child Foundation, is a private charitable foundation organized and existing under the laws of the State of Massachusetts, with its

1   principal place of business located in the State of California.

2        7.     Plaintiff is informed and believes and based thereon alleges that

3   defendant BSH Home Appliances Corporation, doing business as "Thermador," is,

4   and at all times relevant hereto was, a corporation organized and existing under the

5   laws of the State of Delaware, with its principle place of business located at 1901

6   Main Street, Suite 600, Irvine, California 92614.

7        8.     Plaintiff is informed and believes and based thereon alleges that

8   defendant DGWB, Inc., doing business as "DGWB Advertising and

9   Communications," is, and at all times relevant hereto was, a corporation organized

10  and existing under the laws of the State of California, with its principle place of

11  business located at DGWB, Inc. d/b/a DGWB Advertising & Communications, 217

12  N. Main Street, Santa Ana, California  92701.

13       9.     Plaintiff is informed and believes and based thereon alleges that the

14  fictitiously-named Defendants sued herein as Does 1 through 10, and each of them,

15  are in some manner responsible or legally liable for the actions, events, transactions

16  and circumstances alleged herein.  The true names and capacities of such

17  fictitiously-named Defendants, whether individual, corporate, or otherwise, are

18  presently unknown to Plaintiff, and Plaintiff will seek leave of Court to amend this

19  Complaint to assert the true names and capacities of such fictitiously-named

20  Defendants when the same have been ascertained.  For convenience, each reference

21  to a named Defendant herein shall also refer to Does 1 through 10.  All defendants,

22  including both the named defendants and those referred to herein as Does 1 through

23  10, are sometimes collectively referred to herein as "Defendants."

24       10.    Plaintiff is informed and believes and based thereon alleges that

25  Defendants, and each of them, were and are the agents, licensees, employees,

26  partners, joint-venturers, co-conspirators, owners, principals, and employers of the

27  remaining Defendants, and each of them are, and at all times herein mentioned were,

28  acting within the course and scope of that agency, license, partnership, employment,

conspiracy, ownership, or joint venture.  Plaintiff further is informed and believes and based thereon alleges that the acts and conduct herein alleged of each of the Defendants were known to, authorized by, and/or ratified by the other Defendants, and each of them.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C §§ 1331 and 1338(a), 17 U.S.C. §§ 101, *et seq.*, and 15 U.S.C. §1125(a), because it arises as a result of allegations of violations of the U.S. Copyright Act and the U.S. Lanham Act.  Moreover, the U.S. District Court has exclusive jurisdiction over claims of copyright infringement pursuant to 28 U.S.C § 1338(a).

12.     This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

13.     This Court has personal jurisdiction over Defendants because their principle places of business are located in the State of California.  Moreover, all Defendants solicit, transact, and are doing business within the State of California, and committed the unlawful and tortuous acts alleged herein within the State of California, as well as outside of the State of California, and have caused injury to Plaintiff in California.  Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendants.

14.     Venue is proper in the Central District of California under 28 U.S.C. §1391(b) because the events giving rise to the claims set forth in this Complaint occurred in this judicial district, and both Plaintiff and defendant Thermador actually reside in this District.  Venue also is proper pursuant to 28 U.S.C. § 1391(b)-(d) because Defendants are subject to the Court's personal jurisdiction with respect to this civil action and thus are deemed to reside in this District.  Venue also is proper pursuant to 28 U.S.C. § 1400 because Defendants reside in this District.

1

## JULIA CHILD

2     15.   Julia Child was born on August 15, 1912.  Her 100th birthday will be

3 celebrated this August 15, 2012.

4     16.   Beginning in the early 1960s, and until her death in 2004, Julia Child

5 was a world famous American cooking teacher, author and television personality.

6 Her career began in earnest in 1961 when her first book, *Mastering the Art of*

7 *French Cooking*, 734 pages long and published by Alfred A. Knopf, became a best-

8 seller and received critical acclaim.  In 2009, nearly 50 years after publication, the

9 book topped the *New York Times* best-seller list in the advice and how-to category.

10 In 1963, her celebrated television program, *The French Chef*, debuted in Boston on

11 public television and was an immediate hit.  It was quickly syndicated to local PBS

12 (Public Broadcasting Service) stations throughout the United States and ran

13 nationally for ten years, and spanned approximately 200 episodes, many of which

14 remain widely available including through channels such as www.PBS.com and

15 iTunes.  *The French Chef* won numerous awards including an Emmy Award and

16 Peabody Award.  The success of this show led to seven other successful series and

17 several PBS specials.  She won two additional Emmy Awards for this work, and the

18 programs also spawned several companion books.  Ms. Child wrote or co-wrote a

19 total of eighteen (18) books, nearly all of them educational books about food,

20 cooking and the culinary arts.  Her final book, the autobiographical *My Life in*

21 *France*, published posthumously in 2006, was a critically acclaimed bestseller and

22 recounted Ms. Child's life with her husband, Paul Child, in post-World War II

23 France.

24     17.   Throughout her life and career, Julia Child had many opportunities for

25 commercial advancement, including entering into commercial endorsement

26 opportunities with companies in the food and culinary industry.  She could have

27 created a lifestyle brand like Martha Stewart or Oprah Winfrey, and endorsed major

28 corporations and product manufacturers, like Thermador and others, for large sums

1  of money.  She chose to forego all such commercial opportunities.  Instead, she

2  focused her career on public education, and allowed her show to be broadcast on

3  PBS, a non-profit television network, for its entire ten-year run.

4        18.    From the early 1960s, through to the present, the name, identity, and

5  persona of Julia Child have been and are instantly recognized by the public and have

6  substantial commercial value.

7        19.    Julia Child died in Santa Barbara County, California on August 13,

8  2004.  She was a permanent resident of the State of California at the time.

9        20.    Following her death, her intellectual property rights, including her

10  copyrights, trademark rights, and rights of publicity (collectively, the "Julia Child IP

11  Assets") were transferred to The Julia Child Foundation.

12        21.    The Julia Child Foundation is a grant-giving private foundation

13  dedicated to advancing the matters that Julia Child valued:  educating and

14  encouraging others to live well through the joys of cooking and eating well.

15        22.    The Julia Child Foundation exercises careful consideration before

16  permitting the use of any of the Julia Child IP Assets.  The Julia Child Foundation

17  generally does not grant permission for the Julia Child IP Assets to be used for

18  commercial purposes, namely, the marketing and sale of commercial products and

19  services, because Julia Child herself, during her lifetime and long career as a world-

20  famous cooking teacher, author and television personality, generally did not grant

21  permission for the Julia Child IP Assets to be used for commercial purposes.

22        23.    Neither Julia Child, nor The Julia Child Foundation, ever granted

23  Defendants, or either of them, any right, license or permission, to use any of the

24  Julia Child IP Rights for any purpose whatsoever.

25  ## DEFENDANTS' WRONGFUL CONDUCT

26        24.    Plaintiff is informed and believes and based thereon alleges that

27  Thermador is a company that manufactures, advertises and sells commercial

28  products including cooking ranges, stoves, and related products.  Thermador

1    advertises and markets its company and products in numerous different media

2    including, among others, magazine print advertisements, brochures, newsletters,

3    blogs, social media sites including Facebook, Twitter, Tumblr and Pinterest, and at

4    its commercial website located at URL www.Thermador.com, among other websites

5    and media.

6          25.    Plaintiff is informed and believes and based thereon alleges that

7    DGWB is an advertising agency that represented, and continues to represent,

8    Thermador.

9          26.    Defendants, including both Thermador and DGWB, intentionally and

10   prominently used the name, photograph, image, likeness, trademarks and associated

11   trade name, trade dress and slogan, in advertisements, marketing, and promotion

12   (collectively, "Advertisements") for Thermador and its commercial products and

13   services.  In particular, and among other Advertisements, Defendants used, and are

14   continuing to use, the Julia Child IP Rights as follows:

15          a.     A very large and prominent photograph of Julia Child is used at

16   the *homepage* of the Thermador website, at www.Thermador.com, followed by the

17   prominent caption:

18                         A HERITAGE OF INNOVATION

19                  FROM JULIA CHILD TO THE STAR BURNER

20   The use of Ms. Child's name and photograph in this manner create the appearance

21   to any reasonable consumer that Julia Child either had been a company

22   spokesperson for Thermador during her career and/or that The Julia Child

23   Foundation agreed to license Julia Child's name and photograph to advertise and

24   promote Thermador and its products and services.

25          b.     Other webpages within the Thermador site, including without

26   limitation the "Heritage" page, which uses Julia Child's name and a prominent

27   photograph of her to advertise and promote Thermador and its products and

28   services.

c.      Multiple print advertisements, published in various magazines in 2012 and possibly earlier, using the name and a prominent photograph of Julia Child, to advertise and promote Thermador and its products and services, and making it appear as though Julia Child had been a company spokesperson for Thermador during her career and/or that The Julia Child Foundation agreed to license Julia Child's name and photograph to Thermador for commercial purposes.

d.      Brochures using Ms. Child's name and photograph created and distributed by Defendants to consumers to advertise and promote Thermador and its products.

e.      Newsletters using Ms. Child's name and photograph created and distributed by Defendants to consumers to advertise and promote Thermador and its products.

f.      Multiple postings at Thermador's online blog, using Ms. Child's name and photograph, to advertise and promote Thermador and its products.

g.      Thermador accounts at popular social media websites, including Facebook, Twitter, Tumblr and Pinterest, using Ms. Child's name and photograph, to advertise and promote Thermador and its products.

27.     Attached hereto as **Exhibit A** are true copies of certain of the aforementioned Advertisements which used the Julia Child IP Assets without permission.  Exhibit A is not intended to include *all* of the Advertisements at issue, but rather representative examples of them.

28.     Defendants used and are continuing to use the Julia Child IP Rights for the purpose of attracting attention to Thermador and its commercial products and services, and enhancing the advertising and marketing thereof.

29.     At no time did Julia Child, or The Julia Child Foundation, ever give permission to Defendants, or any of them, to use the Julia Child IP Assets for any purpose, including to advertise, market and promote Thermador and/or its products and services.  Defendants, and each of them, without permission, have reproduced,

1  copied and/or colorably imitated Plaintiff's trademarks, trade name, trade dress,

2  and/or slogan, and applied such reproduction, copy, or colorable imitations to the

3  Advertisements, which were intended to be used in commerce in connection with

4  the advertising, marketing, promotion, offering for sale, distribution and sale of

5  Defendants' commercial products and services, and such use is likely to cause

6  confusion, or to cause mistake, or to deceive.

7       30.     Plaintiff is informed and believes and based thereon alleges that

8  Defendants intentionally, negligently and/or knowingly used the Julia Child IP

9  Assets in the Advertisements for the purpose of advertising and promoting

10  Thermador and its commercial products and services. Defendants have, without any

11  right, title or authorization, misappropriated Plaintiff's valuable rights and the

12  resulting success and popularity of Julia Child by unlawfully using her name,

13  photograph, publicity rights, and trademarks for the aforesaid commercial purposes.

## **FIRST CAUSE OF ACTION**

### **(Misappropriation of Right of Publicity**

### **California Civil Code §3344.1 – Against All Defendants)**

17       31.     Plaintiff repeats, re-alleges, adopts and incorporates each and every

18  allegation contained in Paragraphs 1-30, inclusive, as though fully set forth herein.

19       32.     The conduct of Defendants, as alleged hereinabove, constitutes a

20  violation of Section 3344.1 of the California Civil Code, due to the knowing and

21  unauthorized use of Julia Child's name, photograph and likeness for commercial

22  purposes, which have substantial commercial value.

23       33.     As a direct and proximate result of the aforesaid wrongful acts of

24  Defendants, Plaintiff has been damaged in an amount that is not yet fully

25  ascertainable, but which exceeds the jurisdictional minimum of this Court. When

26  Plaintiff has ascertained the full amount of its damages, it will seek leave of Court to

27  amend this Complaint accordingly.

28

34.   As a direct and proximate result of the aforesaid wrongful acts of Defendants, Plaintiff has incurred, and will continue to incur, substantial attorneys' fees and costs.  Plaintiff is entitled to an award of its attorneys' fees and costs incurred in connection with this action pursuant to Section 3344.1(a)(1) of the California Civil Code.

35.   By reason of the aforesaid wrongful acts of Defendants, in addition to the relief sought hereinabove, Plaintiff is entitled to an accounting of all of Defendants' revenues and profits associated with the unauthorized use of Julia Child's name, photograph and likeness, and to an award of all such sums.

36.   By reason of Defendants' wrongful acts as alleged hereinabove, Defendants are involuntary trustees holding all revenues and profits associated with the unauthorized use of Julia Child's name, photograph and likeness, in their possession under a constructive trust for the benefit of Plaintiff with a duty to transfer the same to Plaintiff forthwith.

37.   Plaintiff is informed and believes, and based thereon alleges, that Defendants, in doing the things herein alleged, acted willfully, maliciously, and oppressively, and with full knowledge of the adverse effects of their actions on Plaintiff, and with willful and deliberate disregard for the consequences to Plaintiff. By reason thereof, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be determined at the time of trial.

38.   Plaintiff also seeks a preliminary and permanent injunction to prohibit Defendants from any further commercial use of Plaintiff's publicity rights, including Julia Child's name, photograph, likeness, image, voice, signature, and identity.

### SECOND CAUSE OF ACTION

**(Infringement of Trademark, Trade Name, Trade Dress and Slogan**
**15 U.S.C. §1125(a) – Against All Defendants)**

39.   Plaintiff repeats, re-alleges, adopts and incorporates each and every allegation contained in Paragraphs 1-30, inclusive, as though fully set forth herein.

40.    The Julia Child name and associated trademarks have been extensively advertised and promoted throughout the world since at least 1961 in connection with Ms. Child's television programs, eighteen published books, and other related services and products.  As a result of this advertising and promotion, the Julia Child name and associated trademarks are recognized throughout worldwide trading areas and channels of trade as famous and distinctive, and are identified by the purchasing public with Plaintiff.  Plaintiff's trademark to "Julia Child" and associated trademarks are famous and distinctive within the meaning of U.S. trademark law, including 15 U.S.C. §§1125.

41.    Defendants' use, and continuing use, in interstate commerce of the name and mark "Julia Child" and associated trademarks in connection with the advertising, marketing, and promotion of Thermador and its commercial products and services constitutes a violation of 15 U.S.C. §1125(a), in that it creates a false designation of origin as to the goods and services advertised, distributed, offered for sale, and sold by Defendants, which is likely to confuse, mislead, or deceive the consuming public and trade by creating the false impression that Thermador and its commercial products and services were approved, sponsored, endorsed, guaranteed by, and/or are in some way affiliated with Julia Child and/or The Julia Child Foundation.

42.    Defendants' use, and continuing use, in interstate commerce of the name and mark "Julia Child" and associated trademarks in connection with the advertising, marketing and promotion of Thermador and its commercial products and services also constitutes a false or misleading description or representation in interstate commerce, in violation of 15 U.S.C. §1125(a).

43.    As a direct and proximate result of the conduct of Defendants, Plaintiff is entitled, pursuant to 15 U.S.C. §1117(a), to the recovery of:  (1) Defendants' profits; (2) any damages sustained by Plaintiff as a result of Defendants' conduct, the precise amount of which shall be established by Plaintiff at trial; and (3)

1    Plaintiff's costs of suit.

2        44.    Plaintiff is informed and believes, and based thereon alleges, that

3    Defendants committed the acts alleged above with knowledge of Plaintiff's prior

4    right to and use of Plaintiff's trademarks, and with the willful intent to trade on Julia

5    Child's goodwill and reputation, this case is exceptional under 15 U.S.C.

6    §1117(a)(3), entitling Plaintiff to the recovery of its attorneys' fees, as well as the

7    recovery of treble damages pursuant to 15 U.S.C. §1117(b).

8        45.    Defendants' wrongful acts will continue unless enjoined by this Court.

9    Plaintiff has no adequate remedy at law and is suffering irreparable harm and

10   damage as a result of the aforesaid acts of Defendants, which are continuing.

11   Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

12                        **THIRD CAUSE OF ACTION**

13             **(Copyright Infringement – Against All Defendants)**

14       46.    Plaintiff repeats, re-alleges, adopts and incorporates each and every

15   allegation contained in Paragraphs 1-30, inclusive, as though fully set forth herein.

16       47.    At all times relevant hereto, Plaintiff has been the owner of the

17   copyrights for certain photographs of Julia Child identified herein and shown within

18   **Exhibit A** hereto (collectively, the "Copyrighted Photographs").

19       48.    Without Plaintiff's permission, authorization or consent, Defendants

20   have used, and are continuing to use, the Copyrighted Photographs within

21   Defendants' Advertisements for the purpose of advertising, marketing, promoting

22   Thermador and its commercial products and services.

23       49.    Plaintiff is informed and believes and based thereon alleges that

24   Defendants knew that the rights to the Copyrighted Photographs belonged to

25   Plaintiff, and that Defendants did not have permission to use the Copyrighted

26   Photographs for any purpose, including Defendants' commercial use thereof.

27       50.    Plaintiff is informed and believes and based thereon alleges that

28   Defendants knew that their actions constituted copyright infringement, and that

1047338.1
                              -12-

1   Defendants' conduct was willful within the meaning of the Copyright Act.

2       51.    As a result of their wrongful conduct, Defendants are liable to Plaintiff

3   for copyright infringement pursuant to 17 U.S.C. § 501.  Plaintiff has suffered, and

4   will continue to suffer, substantial losses, including but not limited to damage to its

5   business reputation and goodwill.

6       52.    Plaintiff is entitled to recover damages, which include its losses and

7   any and all profits Defendants have made as a result of its wrongful conduct,

8   pursuant to 17 U.S.C. § 504.

9       53.    Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C.

10  § 504(c).

11      54.    In addition, because Defendants' infringement was willful, the award of

12  statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

13      55.    Plaintiff is entitled to recover its attorneys' fees and costs of suit

14  pursuant to 17 U.S.C. § 505.

15      56.    Defendants' wrongful acts will continue unless enjoined by this Court.

16  Plaintiff has no adequate remedy at law and is suffering irreparable harm and

17  damage as a result of the aforesaid acts of Defendants, which are continuing.

18  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

19      WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

20  them, jointly and severally, as follows:

21  **AS TO THE FIRST CAUSE OF ACTION:**

22      1.    General and special damages in accordance with proof at trial;

23      2.    An award of the revenues and profits received by Defendants as a result

24  of the unauthorized use of the Julia Child publicity rights;

25      3.    Imposition of a constructive trust on all monies and sums received by

26  Defendants as a result of their infringement of the Julia Child publicity rights;

27      4.    Punitive and exemplary damages in accordance with proof at trial;

28      5.    An award of Plaintiff's attorneys' fees;

1    6.    Preliminary and permanent injunction prohibiting Defendants and their

2  affiliated companies from any further use of Julia Child's name, photograph,

3  likeness, voice, signature, identity, or other publicity rights.

4  **AS TO THE SECOND CAUSE OF ACTION:**

5    1.    General and special damages in accordance with proof at trial;

6    2.    An award of the revenues and profits received by Defendants as a result

7  of the unauthorized use of the "Julia Child" name and associated trademarks;

8    3.    Treble damages;

9    4.    Statutory damages in the maximum amount available by law;

10    5.    An award of Plaintiff's attorneys' fees;

11    6.    Preliminary and permanent injunction prohibiting Defendants and their

12  affiliated companies from any further use of the "Julia Child" name and associated

13  trademarks.

14  **AS TO THE THIRD CAUSE OF ACTION:**

15    1.    General and special damages in accordance with proof at trial;

16    2.    An award of the revenues and profits received by Defendants as a result

17  of the unauthorized use of the photographs of Julia Child in which Plaintiff owns the

18  registered copyright;

19    3.    Statutory damages in the maximum amount available by law;

20    4.    Imposition of a constructive trust on all monies and sums received by

21  Defendants as a result of their infringement of Plaintiff's registered copyrights;

22    5.    An award of Plaintiff's attorneys' fees;

23    6.    Preliminary and permanent injunction prohibiting Defendants and their

24  affiliated companies from any further use of Plaintiff's copyrighted photographs.

25  **AS TO ALL CAUSES OF ACTION:**

26    1.    For all costs of suit incurred herein;

27    2.    Interest at the maximum legal rate; and

28

1047338.1

3.     For such other and further relief as the Court may deem to be just and proper.

Dated: July ___, 2012          WOLF, RIFKIN, SHAPIRO,
                               SCHULMAN & RABKIN, LLP


                               By: _____
                                    CHARLES J. HARDER
                                    Attorneys for Plaintiff THE JULIA CHILD
                                    FOUNDATION FOR GASTRONOMY
                                    AND THE CULINARY ARTS


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: July ___, 2012          WOLF, RIFKIN, SHAPIRO,
                               SCHULMAN & RABKIN, LLP


                               By: _____
                                    CHARLES J. HARDER
                                    Attorneys for Plaintiff THE JULIA CHILD
                                    FOUNDATION FOR GASTRONOMY
                                    AND THE CULINARY ARTS