UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BSH HOME APPLIANCES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>THE JULIA CHILD FOUNDATION FOR GASTRONOMY AND THE CULINARY ARTS,<br><br>Defendant. | Civil Action No. 1:12-cv-11590-MBB |

**AFFIDAVIT OF A. SASHA FRID IN SUPPORT OF PLAINTIFF BSH HOME APPLIANCES CORPORATION'S OPPOSITION TO MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA**

I, A. Sasha Frid, declare:

1. I am an attorney at law, duly licensed to practice before all courts of the State of California. I am a partner with the law firm Miller Barondess, LLP, counsel of record in this matter for Plaintiff BSH Home Appliances Corporation ("BSH"). I submit this affidavit in support of Plaintiff's Opposition to Motion to Transfer Venue to the District Court for the Central District of California. I have personal knowledge of all of the facts contained in this affidavit and, if called as a witness, I could and would competently testify to all of said facts.

2. On July 16, 2012, Charles Harder, counsel for the Julia Child Foundation for Gastronomy and the Culinary Arts ("Plaintiff" or the "Foundation") sent a letter to BSH and BSH's advertising agency DGWB, Inc., informing them that the Foundation considered BSH's use of Ms. Child's name and image to be a violation of Ms. Child's copyright and trademark rights and her right of publicity. The Foundation demanded that BSH cease and desist from using Ms. Child's name and images on its website and in other media, threatening legal action against BSH and DGWB. A true and correct copy of Mr. Harder's July 16, 2012 letter and the

1

130250.1

enclosed draft complaint is attached hereto as **Exhibit A**.

3. I responded to the Foundation's demand letter immediately, informing Mr. Harder that BSH was investigating the Foundation's claims and that I would respond to Mr. Harder no later than July 27, 2012.

4. After undertaking that investigation, I called Mr. Harder on or about July 25, 2012 to discuss a potential resolution of the Foundation's claims. During that conversation, I explained the merits of BSH's defenses to Mr. Harder. Mr. Harder said that he would discuss BSH's defenses with his client, but he insisted that all references to Julia Child be removed from BSH's websites and other media, and he informed me that the Foundation would require a settlement payment in the "seven figures" to resolve the matter. I indicated that BSH would agree to remove the references to Julia Child from its website and other media. He informed me that he would get me an exact settlement amount over the next couple of days.

5. Approximately 12 days later, on August 6, 2012, Mr. Harder emailed me a proposed tolling agreement, stating:

> Attached is a draft Tolling Agreement in connection with above-referenced matter. If the Foundation is going to hold off on filing its claims for the next few weeks, to see if we can settle the case outside of litigation, the Foundation will need an agreement tolling the applicable statutes of limitations, laches claims, etc.

6. In that email, Mr. Harder also asked me questions about BSH's insurance policies. He did not provide me with an exact amount of the Foundation's "seven figure" settlement demand. A true and correct copy of Mr. Harder's August 6, 2012 email is attached hereto as **Exhibit B**.

7. On August 9, 2012, I reached out to Mr. Harder by email to ask him if a settlement demand would be forthcoming. A true and correct copy of my August 9, 2012 email is attached hereto as **Exhibit C**.

8. Several hours later, Mr. Harder responded to my email. He still did not provide me with a settlement proposal. Rather, he set forth a list of items that the Foundation would require "before we can enter into settlement discussions." These items included: 1) the signed

2

tolling agreement; 2) copies of the insurance policies for BSH and DGWB; 3) a confirmation that the claims have been tendered to all carriers; and 4) a copy of the letters from the carriers regarding coverage. A true and correct copy of Mr. Harder's responsive email is attached hereto as **Exhibit D**.

9. On August 16, 2012, I responded to Mr. Harder's email. A true and correct copy of my response is attached hereto as **Exhibit E**.

10. Mr. Harder did not respond to my invitation to send the settlement offer that he had promised during our conversation approximately 22 days earlier. Nor did the Foundation file suit as it had threatened.

11. On August 24, 2012, after eight days had passed without hearing from Mr. Harder or the Foundation, BSH filed this action in Federal Court for the district of Massachusetts against the Foundation.

12. A true and correct copy of the Complaint in case number 8:12-cv-1403 DDP (SHx), filed in the Central District of California against BSH on August 28, 2012 is attached hereto as **Exhibit F.**

13. A true and correct copy of the Complaint in case number 8:12-cv-1402 SJO (FFMx), filed in the Central District of California against DGWB on August 28, 2012 (the "DGWB Action") is attached hereto as **Exhibit G.**

14. A true and correct copy of the Complaint in case number Case No. 1413083 filed in the Superior Court for the County of Santa Barbara against BSH on August 28, 2012 is attached hereto as **Exhibit H.**

15. The Foundation dismissed the DGWB Action without prejudice the day after it filed the present motion, on September 12, 2012. A true and correct copy of the Notice of Voluntary Dismissal by the Foundation of the DGWB Action is attached hereto as **Exhibit I.**

16. Attached hereto as **Exhibit J** is a true and correct copy of a printout from the website http://juliachildfoundation.org listing "Trustees & Advisors." Based on my investigation of the persons listed on that page, I am informed and believe that only two of the eleven persons listed, Eric W. Spivey and Anne Willan, live in Southern California.

3

130250.1

17. Based on my investigation, I am informed and believe that the person identified on the Foundation's website as the "Foundation Administrator," Jennifer Krauss, resides in New Jersey and performs her administrator functions either in New York or New Jersey. Attached hereto as **Exhibit K** is a true and correct copy of a printout of the "Contact" section of the Foundation's website. Attached hereto as **Exhibit L** is a true and correct copy of Jennifer Krauss' page on the social media website www.pinterest.com.

18. Based on my investigation, I am informed and believe that the Foundation's intellectual property manager, Todd Schulkin, lives in London, England. Attached hereto as **Exhibit M** is a true and correct copy of Todd Schulkin's profile on the professional networking website www.linkedin.com.

19. I am further informed and believe that the Foundation's Executive Director, Susy Davidson, lives in either Scottsdale, Arizona, Seattle, Washington, or Portland, Oregon. Attached hereto as **Exhibit N** is a true and correct copy of Susy Davidson's page on the social media website www.pinterest.com.

20. A true and correct copy of the Foundation's Declaration of Trust, dated December 2, 1995, is attached hereto as **Exhibit O**.

21. A true and correct copy of IRS Form 1023, completed by the Foundation and dated December 18, 1995, is attached hereto as **Exhibit P**.

22. The Foundation explains on its website that permission from other entities is required to "[r]eprint and/or publish in any medium any photographs taken by Paul Child located in the archives of the Schlesinger Library or elsewhere that have not been previously published in books written by Julia Child." Attached hereto as **Exhibit Q** is a true and correct copy of a printout of the "Permissions" section of the Foundation's website.

23. Attached hereto as **Exhibit R** is a true and correct copy of relevant portions of Harvard University Library's website, which I accessed at the following URL: http://oasis.lib.harvard.edu/oasis/deliver/deepLink?_collection=oasis&uniqueId=sch00222

24. A true and correct copy of the Complaint in case number 1:07-cv-11748-RWZ, filed by the Foundation in the District of Massachusetts, is attached hereto as **Exhibit S**. Based

on my investigation, I am informed and believe that this is the only lawsuit the Foundation filed prior to the August 2012 federal court lawsuits against BSH and DGWB.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on this 25TH day of September, 2012 at Los Angeles, California.

_____
A. SASHA FRID